# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SELIGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE SUN US, INC., a New York Corporation; and DOES 1-10, | Case No.:<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Mark Seliger ("Seliger"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is an individual based in New York, New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant The Sun US, Inc. ("The Sun") is a New York corporation with its principal place of business located at 1211 Avenue of the Americas, New York, New York 10036, and owns, oversees, and/or operates the website "https://www.the-sun.com/."

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego

relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PICTORIAL WORK

8. Plaintiff is an accomplished and critically acclaimed photographer. His works have appeared in *Rolling Stone, GQ, Vogue,* and *Vanity Fair* and he has authored numerous album covers, books, and short films. He has also created photographs in collaboration with global brands like Netflix, Levi's, and Ralph Lauren. He has won numerous awards, including the Clio Grand Prix and the Cannes Lions Grand Prix, and his works are part of the permanent collection of the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London.

9. Prior to the conduct complained of herein, Plaintiff created the photograph depicted in **Exhibit A** attached hereto ("Subject Photograph").

10. Plaintiff duly registered the Subject Photograph with the Copyright Office and is the owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph.

11. Plaintiff has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

12. Prior to the acts complained of herein, the Subject Photograph was widely disseminated in magazines, books, articles, and other publications.

13. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, The Sun, and certain DOE defendants (collectively, "Defendants"), have willfully copied, reproduced, displayed, and distributed the Subject Photograph for financial benefit and without Plaintiff's consent, at and on

websites bearing the URL(s) depicted in **Exhibit B**. Said material will be referred to as "Infringing Content" herein.

16. Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

17. On February 21, 2021, Plaintiff, through his undersigned attorneys, served Defendants a letter demanding that Defendants cease and desist all infringing uses of Plaintiff's copyrighted work and reasonably resolve the action. Defendants did not respond to the Demand letter and continue to display the Subject Photograph. Given this position, Plaintiff was forced to file this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

17. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

18. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at and on websites bearing the URL(s) depicted in **Exhibit B** hereto without Plaintiff's authorization or consent.

19. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

22. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing a photograph obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

25. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph, in an amount to be established at trial.

28. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

29. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author.

31. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

32. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via websites bearing the URL(s) depicted in **Exhibit B** hereto under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

33. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c).

34. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in

part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

e. That Plaintiff be awarded his costs and fees;

f. That Plaintiff be awarded statutory and enhanced damages;

g. That Plaintiff be awarded pre-judgment interest as allowed by law; and

h. That Plaintiff be awarded further legal and equitable relief as deemed proper.

/ / /

/ / /

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

                                                               Respectfully submitted,

Dated: February 6, 2023         By: _/s/ Scott Alan Burroughs_
                                                  Scott Alan Burroughs, Esq.
                                                  Laura M. Zaharia, Esq.
                                                  DONIGER / BURROUGHS
                                                  247 Water Street, First Floor
                                                  New York, NY 10038
                                                  (310) 590-1820
                                                  scott@donigerlawfirm.com
                                                  lzaharia@donigerlawfirm.com